**\*\*E-filed 08/12/2010\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LIDIA BARAJAS,<br><br>          Plaintiff,<br>     v.<br><br>KAY-CO INVESTMENTS, INC. et al.,<br><br>          Defendant.<br>_____/ | No. C 10-1461 RS<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND ORDER TO SHOW CAUSE WHY REMAINDER OF ACTION SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION** |

Plaintiff Lidia Barajas filed this action in Alameda Superior Court to challenge foreclosure proceedings that had been initiated against her home. Defendants removed it here, asserting federal question jurisdiction, given that various violations of federal statutes are alleged in the complaint. Defendants MTC Financial, Inc., Central Mortgage Company, and Mortgage Electronic Registration Systems, Inc. ("MERS") and Deutsche Bank National Trust Company now move to dismiss, contending the complaint fails to state a claim against them.[1]

---

[1] MERS and Deutsche Bank have filed a joint motion. The other two defendants each move separately to dismiss, although Central is represented by the same counsel as MERS and Deutsche Bank.

Barajas has made no appearance in this action since the time it was removed to this Court. She did not file oppositions to the motion to dismiss, and did not appear at the hearing thereon.[2] The motions to dismiss are granted. While it does not appear that every argument made by defendants necessarily would be dispositive,[3] they have adequately established that the complaint is subject to dismissal.

The gravamen of Barajas's allegations is that she was duped into entering into an unfair and oppressive loan agreement, that defendants failed and refused to modify the loan terms, and that they thereafter violated various legal requirements in initiating and carrying out foreclosure proceedings. The complaint is replete with conclusory allegations of wrongdoing and references to various statutes. The averments, however, are undifferentiated as among the various defendants, and lack sufficient factual content to support liability as to any or all of them. "Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009).

Additionally, the allegations of fraud fail to comply with the requirement of Rule 9(b) of the Federal Rules of Civil Procedure that, "[i]n allegations of fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." [4] Accordingly, the motions to dismiss

---

[2] Counsel for MERS, Central, and Deutsche Bank also failed to appear at the hearing. Counsel left a message for the Court, however, that he had appeared at the courthouse but was unable to gain entrance as a result of the fact that, unbeknownst to him, his driver's license had expired.

[3] For example, defendants argue that Barajas has failed to allege that she has tendered, or has the ability to tender, the loan proceeds. To the extent she may be seeking rescission based on alleged violations of the Truth in Lending Act, this Court has held that such allegations are not required. *See Botelho v. U.S. Bank, N.A.*, 692 F.Supp.2d 1174 (N.D.Cal. 2010). To the extent Barajas is seeking rescission under state law, however, there is a stronger argument that her failure to plead an ability to tender is fatal to her claims. *See, e.g.*, *Periguerra v. Meridas Capital, Inc.*, No. 09-4748, 2010 WL 39593, at *3 (N.D. Cal. Feb. 1, 2010) ("Plaintiffs must allege that they are willing to tender the loan proceeds to the lender. This is a basic tenet of California contract law.")

[4] To satisfy the rule, a plaintiff must allege the "who, what, where, when, and how" of the charged misconduct. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). In other words, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Vess v. Ciba-Geigy Corp. U.S.A.,* 317 F.3d 1097, 1106 (9th Cir. 2003).

must be granted. In view of Barajas's failure to appear and to oppose the motions, there is no reason to presume she could cure the deficiencies through amendment. Leave to amend therefore will not be granted. The motion brought by MTC Financial to strike the claim for punitive damages is moot.

There is no indication in the record that Barajas has made any effort to serve the remaining named defendants or to pursue her claims against them. No later than August 31, 2010, Barajas shall show cause in writing, if any she has, why the remainder of this action should not be dismissed for lack of prosecution. No hearing shall be held on the order to show cause. If Barajas elects not to file a response, the action will be dismissed.

IT IS SO ORDERED.

Dated: 08/12/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE